## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MATTHEW BRUCHHAUS | * | CIVIL ACTION NO. 2:15-cv-2649 |
| | * | |
| | * | |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| | * | |
| | * | |
| TODD D'ALBOR ET AL | * | MAGISTRATE JUDGE KAY |

**************************************************************************

### MEMORANDUM RULING

Before the court is a Motion to Dismiss (Rec. Doc. 9) filed by Defendants,[1] a Response (Rec. Doc. 11) filed by plaintiff Matthew Bruchhaus, and a Reply (Rec. Doc. 12) filed by Defendants. For the following reasons, the Motion to Dismiss (Rec. Doc. 9) will be **GRANTED IN PART** and **DENIED IN PART**.

### FACTS & PROCEDURAL HISTORY

On November 1, 2014, Blaze's Smoke Shop ("the store"),[2] which mainly sold tobacco related products, opened in Jennings, Louisiana, with Matthew Bruchhaus working as an employee.[3] Bruchhaus alleges that on the store's opening day, the Chief of Police for Jennings, Todd D'Albor, and the Mayor of Jennings, Terry Duhon, entered the store and asked questions about the merchandise in a sarcastic and belittling manner that Bruchhaus answered to the best of his ability.[4] According to Bruchhaus, Chief D'Albor and Mayor Duhon criticized the store as catering to illegal drug use, and stated that the store was not welcome in Jennings.[5]

---

[1] City of Jennings, Chief of Police for Jennings Todd D'Albor, Detective Blake Bergeaux, Detective John Kurtz, and Mayor of Jennings Terry Duhon.
[2] Batzona, L.L.C., was the juridical entity that owned the store. Compl. (Rec. Doc. 1) ¶ 13.
[3] Id. ¶¶ 6, 10.
[4] Id. ¶¶ 1, 10.
[5] Id. ¶ 10.

In the following days, various Jennings police officers allegedly came into the store on several occasions asking questions in an inquisitional manner about the merchandise and taking numerous pictures, apparently in an effort to disrupt and intimidate the store from conducting business.[6] According to Bruchhaus, officers of the Jefferson Davis Parish District Attorney's Office ("District Attorney's Office") informed Defendants during that time that the merchandise sold in the store was not illegal paraphernalia.[7] Moreover, Bruchhaus alleges that Detective Blake Bergeaux, with the approval of Detective John Kurtz, his supervising officer, and Chief D'Albor, engaged in a series of attempted drug purchases through the use of a confidential informant ("CI") between the dates of November 1, 2014, and November 10, 2014, in an effort to effectuate a "drug sting" operation against Bruchhaus and the store.[8]

On November 7, 2014, Detective Bergeaux obtained a search warrant for the store and an arrest warrant for Bruchhaus for violations of LA. REV. STAT. ANN. 40:966(A)(1), distribution of marijuana, and LA. REV. STAT. ANN. 14:104, keeping a disorderly place.[9] Apparently, the arrest warrant issued from the Honorable City Court Judge Daniel Stricker on the oath of Detective Bergeaux.[10] However, Bruchhaus asserts there is no record of any affidavit or affirmation of probable cause that Detective Bergeaux executed in support of the arrest warrant.[11]

Bruchhaus alleges that Detective Bergeaux arranged for a meeting on November 10, 2014, between numerous law enforcement officers, including Detective Kurtz, to plan the arrest of Bruchhaus and the execution of the search warrant.[12] Later that day, Detective Bergeaux and other law enforcement officers arrested Bruchhaus, searched the store, and seized all of the

---

[6] *Id.* ¶ 11.
[7] *Id.*
[8] *Id.* ¶¶ 1, 12.
[9] *Id.* ¶¶ 15-16. Keeping a disorderly place is defined as "the intentional maintaining of a place to be used habitually for any illegal purpose." LA. REV. STAT. ANN. 14:104.
[10] Compl. (Rec. Doc. 1) ¶ 15.
[11] *Id.*
[12] *Id.* ¶ 29.

merchandise.[13] Bruchhaus also states that Detective Bergeaux attempted to inculpate him in drug activity by having the CI make a controlled buy of marijuana on the day of his arrest from a third party who had no connection to Bruchhaus or the store.[14] Allegedly, the controlled drug buy occurred away from the store, and the suspected marijuana was found in a vehicle parked down the street from the store.[15]

Bruchhaus was booked in the Jennings City jail and incarcerated for several days before being released on bond.[16] Bruchhaus' arrest for distribution of marijuana and the suspected marijuana retrieved from the vehicle were promoted by Defendants as a "drug bust" at the store and widely publicized in the local news media.[17] The District Attorney's Office declined to prosecute any of the charges against Bruchhaus.[18]

On November 6, 2015, Bruchhaus filed a complaint alleging violations of various state and federal laws by City of Jennings, Chief D'Albor, Detective Bergeaux, Detective Kurtz, and Mayor Duhon.[19] Defendants filed the present motion on January 13, 2016.[20]

## LAW & ANALYSIS

Defendants seek dismissal of several claims for violations of state and federal law, arguing that Bruchhaus: (1) lacks standing to assert a claim for recovery of damages alleged to have been sustained by the store; (2) cannot recover punitive damages from City of Jennings, or from Chief D'Albor and Mayor Duhon in their official capacities; (3) failed to state battery claims against Chief D'Albor, Mayor Duhon, Detective Bergeaux, and Detective Kurtz, and failed to state false arrest and imprisonment claims against Chief D'Albor, Mayor Duhon, and

---

[13] *Id.* ¶¶ 5, 22.
[14] *Id.* ¶¶ 15, 21.
[15] *Id.* ¶ 23.
[16] *Id.* ¶ 7.
[17] *Id.* ¶ 8.
[18] *Id.* ¶ 9.
[19] Compl. (Rec. Doc. 1).
[20] Mot. to Dismiss (Rec. Doc. 9).

Detective Kurtz; (4) failed to state constitutional claims against Chief D'Albor, Mayor Duhon, and Detective Kurtz in their individual capacities; and (5) failed to state constitutional claims against City of Jennings, and against Chief D'Albor and Mayor Duhon in their official capacities.

STANDING

Bruchhaus seeks lost wages and other damages resulting from the closure of the store. Defendants argue that Bruchhaus lacks standing to assert any claims arising from the store's closure because he was merely an employee, not the store owner. In response, Bruchhaus asserts that he has standing because the confiscation of the merchandise made it economically impossible for the store to remain in business, and that caused the loss of his job.

"Standing, at its irreducible constitutional minimum, requires plaintiffs to demonstrate: they have suffered an injury in fact; the injury is fairly traceable to the defendant's actions; and the injury will likely . . . be redressed by a favorable decision." *Garzes v. Lopez*, 281 F. App'x 323, 325 (5th Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (internal quotation marks omitted). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan*, 504 U.S. at 560) (internal citations omitted). "Generally, courts refuse to recognize standing based on economic harm that is merely a consequence of an injury suffered by another party." *Id.*

The loss of Bruchhaus' job is one step too far removed from Defendants' allegedly unlawful seizure of the store's merchandise to confer standing. If the store's closure was caused by Defendants' unlawful acts, then there is certainly an injury, but the store owner is the proper party to raise claims arising from that injury. Even were Defendants' allegedly unlawful acts

4

found to be the actual cause of Bruchhaus' loss of employment, he was simply an at-will employee, and it was the store owner that ultimately decided to terminate his position. Bruchhaus' injury was merely a consequence of the injury suffered by the store owner. Thus, any claims brought by Bruchhaus arising from the store's closure will be **DISMISSED**.

### RULE 12(B)(6) FAILURE TO STATE A CLAIM

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. FED. R. CIV. P. 12(b)(6). In the Fifth Circuit, Rule 12(b)(6) motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### Punitive Damages

Bruchhaus does not oppose the dismissal of his claims for punitive damages against City of Jennings, and against Chief D'Albor and Mayor Duhon in their official capacities. Thus, those claims will be **DISMISSED**.

**State Law Claims**

Defendants seek dismissal of the battery claims against Chief D'Albor, Mayor Duhon, Detective Bergeaux, and Detective Kurtz, and the false arrest and imprisonment claims against Chief D'Albor, Mayor Duhon, and Detective Kurtz.

*Battery*

Under Louisiana law, battery is "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact . . . ." *Gray v. Horton*, No. 06-1070, 2008 WL 170664, at *7 (W.D. La. Jan. 18, 2008) (quoting *Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987)). A police officer using reasonable force during a lawful arrest is generally shielded from liability for battery. *Deville v. Marcantel*, 567 F.3d 156, 172-73 (5th Cir. 2009); *see also* LA. CODE CRIM. PROC. ANN. art. 220 ("The person making a lawful arrest may use reasonable force to effect the arrest and detention, . . .").

Bruchhaus' battery claims do not arise out of allegations that excessive force was used, but rather that the arrest was unlawful because the arrest warrant was invalid and there was no probable cause. Defendants argue that a law enforcement officer acting in the course of employment who uses reasonable force is shielded from liability for battery. However, the key issue here is not whether the officer was acting in the course of employment, but whether the arrest was lawful. *See Gerard v. Parish of Jefferson*, 424 So.2d 440, 443-44 (La. Ct. App. 1982) (citing *Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977)). Thus, the court must determine whether Bruchhaus has sufficiently pleaded that his arrest was unlawful.

The Fourth Amendment of the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV; *see also* LA. CODE CRIM. PROC. ANN. art. 202 (requiring an affidavit or oath containing a

signature for a warrant to issue). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Day v. Louisiana*, No. 2:12-CV-02844, 2013 WL 3894025, at *6 (W.D. La. July 25, 2013) (quoting *Deville*, 567 F.3d at 164). Despite the presumption of validity regarding the warrant, Bruchhaus has successfully called into question whether the warrant was invalid because it lacked a supporting oath or affirmation. According to Bruchhaus, although the arrest warrant was supposedly issued on the oath of Detective Bergeaux, there exists no record of any such affidavit or affirmation. Defendants have so far failed to demonstrate the existence of Detective Bergeaux's oath through the use of evidence susceptible to judicial notice, such as court records, or otherwise dispute this assertion in any fashion.

Moreover, Bruchhaus has sufficiently pleaded that there was no probable cause. Bruchhaus alleges that the only evidence of distribution of marijuana involved a sale of marijuana between the CI and a third party outside of the vicinity of the store, and suspected marijuana found in a car not owned by Bruchhaus down the street from the store. As for the keeping a disorderly place charge, Bruchhaus asserts that the District Attorney's Office informed Detective Bergeaux prior to the arrest that the store's merchandise was legal, and further contends that no illegal activity ever occurred in the store. Finally, the court notes that if Detective Bergeaux obtained the arrest warrant and made the arrest as alleged, he would be precluded from arguing good faith reliance on the arrest warrant.

It is alleged that Chief D'Albor, Mayor Duhon, Detective Bergeaux, and Detective Kurtz "either individually or in concert" committed battery. As the arresting officer, the battery claim against Detective Bergeaux presumably stems from his individual actions. Defendants argue that

7

there is no assertion of excessive force being used during the arrest. Bruchhaus responds, accurately, that there is no need to plead unreasonable use of force if the arrest was unlawful because the act of placing someone in handcuffs is clearly a harmful or offensive contact that constitutes battery. In their reply, Defendants note that Bruchhaus failed to describe the use of handcuffs in the complaint, or to provide any other details regarding the actual arrest.

Federal Rule of Civil Procedure 15 empowers the court to grant a party leave to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). *See also Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) (citations omitted). District courts possess broad discretion in determining whether to permit amended complaints. *Crostley v. Lamar Cnty., Texas*, 717 F.3d 410, 420 (5th Cir. 2013) (citing *McLean v. Int'l Harvester Co.,* 817 F.2d 1214, 1224 (5th Cir.1987)) (additional citations omitted). Bruchhaus' battery claims fall short of the plausibility standard created by *Twombly* and *Iqbal.* However, a motion to dismiss for failure to state a claim should not be liberally granted, and there is no compelling reason to deny Bruchhaus leave to amend his complaint regarding the battery claims.

As for the remaining Defendants, none of whom are alleged to have participated in the actual arrest, Bruchhaus apparently seeks relief based on a conspiracy to commit battery. To recover under a theory of civil conspiracy, "a plaintiff must prove that an agreement existed to commit an illegal or tortious act which resulted in the plaintiff's injury." *Butz v. Lynch*, 97-2166 (La. App. 1 Cir. 4/8/98); 710 So.2d 1171, 1174 (citing LA. CIV. CODE ANN. 2324). "The plaintiff must establish that there was an agreement as to the intended outcome or result." *Id.* (citations omitted). Every valid claim in this case flows from the allegedly unlawful arrest of Bruchhaus by Detective Bergeaux, and that is the act which Bruchhaus must demonstrate was the object of a conspiratorial agreement.

After obtaining the arrest warrant, Detective Bergeaux allegedly planned Bruchhaus' arrest with Detective Kurtz. This allegation is insufficient to demonstrate that Detective Kurtz intended for Bruchhaus to be *unlawfully* arrested. Thus, Bruchhaus will be granted leave to amend his complaint with regard to this claim.

Bruchhaus repeatedly asserts that Chief D'Albor and Mayor Duhon shared the common goal of closing down the store. Interactions between Bruchhaus and Chief D'Albor and Mayor Duhon on the store's opening day, numerous intrusive visits by police officers up to the point of the arrest, and the use of a CI to attempt to purchase drugs are all offered by Bruchhaus as evidence of this shared goal. While these allegations may convey a desire on the part of Chief D'Albor and Mayor Duhon to close the store, they are insufficient to show that Bruchhaus' unlawful arrest, as opposed to the closure of the store, was the outcome intended by Chief D'Albor and Mayor Duhon. Thus, Bruchhaus will also be granted leave to amend his complaint with regard to these claims.

### False Arrest and Imprisonment

To recover for false arrest and imprisonment in Louisiana against a defendant police officer, a plaintiff must prove that he was unlawfully detained by the police against his will. *Kyle v. City of New Orleans,* 353 So.2d 969, 971 (La. 1977). "To prove false arrest, the plaintiff must show that the arrest was made without any legal process or warrant or under a warrant null and void on its face." *Braud v. Spell,* No. 2:14-CV-03132, 2015 WL 7432813, at *3 (W.D. La. Nov. 19, 2015) (quoting *Stark v. Eunice Superette, Inc.*, 457 So.2d 291, 295 (La. Ct. App. 1984)) (internal quotation marks omitted). Bruchhaus argues that Chief D'Albor, Mayor Duhon, and Detective Kurtz entered into a conspiracy to falsely arrest and imprison him. For the reasons

discussed in the analysis of the battery claims, these claims are insufficiently pleaded. However, Bruchhaus will be granted leave to amend his complaint regarding these claims.

### Federal Claims

#### *Individual Liability*

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)) (internal quotation marks omitted). To prevail on a §1983 claim, a plaintiff must allege facts to show (1) that a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Gillam v. Wise*, No. 2:14-CV-2631, 2015 WL 4681474, at *2 (W.D. La. Aug. 6, 2015) (citing *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985)). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). "There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006) (citation omitted). Nonetheless, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) (internal quotation marks omitted). There is a clearly established constitutional right to be free from arrest without probable cause. *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994).

The § 1983 claims against Chief D'Albor, Mayor Duhon, and Detective Kurtz in their individual capacities arise out of the allegations that Bruchhaus was arrested without a valid

warrant and without probable cause in violation of the Fourth and Fourteenth Amendments. Bruchhaus argues that Chief D'Albor, Mayor Duhon, and Detective Kurtz personally acted when:[21] (1) Chief D'Albor and Mayor Duhon visited the store on November 1, 2014, and questioned the legality of the merchandise in a belittling manner; (2) Chief D'Albor and Mayor Duhon criticized the store as catering to illegal drug use; (3) Chief D'Albor and Mayor Duhon stated that the store was not welcome in Jennings; (4) Chief D'Albor and Mayor Duhon assigned the task of closing the store to Detective Kurtz; (5) Detective Kurtz approved of the use of a CI to attempt to purchase illegal drugs; and (6) Detective Kurtz  planned the arrest with Detective Bergeaux after the warrants issued. None of these actions constitutes personal involvement in Bruchhaus' allegedly unlawful arrest and detention sufficient to give rise to any liability.

However, when viewed as a whole these allegations are sufficient to demonstrate that Chief D'Albor and Mayor Duhon devised a policy to close the unwelcome store regardless of the legality of the business it conducted, and that Chief D'Albor, Mayor Duhon, and Detective Kurtz implemented this policy. Considering Bruchhaus was arrested on a charge of keeping a disorderly place, which is defined as the intentional maintaining of a place to be used habitually for any illegal purpose, this policy of closing the store could be determined to be the moving force behind his allegedly unconstitutional arrest. Thus, Bruchhaus will be permitted to proceed with these claims.

### *Municipal Liability*

Finally, Defendants argue Bruchhaus failed to state constitutional claims against City of Jennings, and against Chief D'Albor and Mayor Duhon in their official capacities. Municipalities may be held liable under § 1983 for "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51,

---

[21] Bruchhaus acknowledges that he has not raised any § 1983 failure to supervise or § 1985 claims. Mem. in Opp'n to Mot. for Summ. J. (Rec. Doc. 11-1), at 17-18.

60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). They are not, however, vicariously liable for the actions of their employees. *Id.* (citations omitted). Thus, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Id.* at 60-61 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted). The Fifth Circuit has "defined an official policy for purposes of § 1983 liability as '[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority.'" *Okon v. Harris Cnty. Hosp. Dist.*, 426 F. App'x 312, 316 (5th Cir. 2011) (citing *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984)) (en banc) (per curiam).

"[A] single decision by a policy maker may, under certain circumstances, constitute a policy for which a [municipality] may be liable." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Brown v. Bryan Cnty.*, 219 F.3d 450, 462 (5th Cir. 2000)) (internal quotation marks omitted). "[It] is well established that a municipality may be held liable for 'course[s] of action tailored to a specific situation and not intended to control decisions in later situations,' provided that 'the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers.'" *Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 754 (5th Cir. 1993) (citations omitted). "However, this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." *Valle*, 613 F.3d at 542 (citations omitted).

The court has already found that Bruchhaus sufficiently pleaded that a policy to close the store was devised and implemented by Chief D'Albor and Mayor Duhon. This alleged course of action is tailored to a specific situation, the closure of the store. For the purposes of a 12(b)(6) motion to dismiss, Bruchhaus has sufficiently pleaded that authorized final decisionmakers adopted that policy because D'Albor is the Chief of Police for Jennings and Duhon is the Mayor of Jennings. Accordingly, Bruchhaus may proceed with these claims.

Lake Charles, Louisiana, this 14 day of _____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE