RECEIVED

APR 12 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **MATTHEW BRUCHHAUS** | * | **CIVIL ACTION NO. 2:15 -CV-02649** |
| | * | |
| **v.** | * | **JUDGE JAMES T. TRIMBLE, JR.** |
| | * | |
| **CITY OF JENNINGS, ET AL.** | * | **MAGISTRATE JUDGE PEREZ-** |
| | * | **MONTES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM RULING**

Before the court is a Motion to Strike (Rec. Doc. 17) and a Motion to Dismiss (Rec. Doc. 17) filed by the City of Jennings, Chief of Police Todd D'Albor, Mayor Terry Duhon, Detective Blake Bergeaux, and Detective John Kurtz (collectively "the defendants). For the following reasons, the court will **DENY** the Motion to Strike (Rec. Doc. 17) and will **DENY** the Motion to Dismiss (Rec. Doc. 17).

## I.   FACTS & PROCEDURAL HISTORY

The plaintiff alleges that the defendants violated state and federal laws when they unlawfully harassed and intimidated the plaintiff at his place of employment, Blaze's Smoke Shop in November of 2014. In his original complaint, Brucchaus alleged that the warrant that Detective Bergeaux relied on to arrest him was facially invalid, and brought claims against the defendants under 42 U.S.C § 1983 and Louisiana law.[1] The defendants moved to dismiss his original complaint.[2] In a previous Memorandum Ruling[3] and corresponding Judgment,[4] the court granted in part and denied in part the defendants' first Motion to Dismiss.[5] The court dismissed the

---

[1] Compl. (Rec. Doc. 1).

[2] Motion to Dismiss (Rec. Doc. 9).

[3] Memo. Ruling (Rec. Doc. 13).

[4] Judgment (Rec. Doc. 14).

[5] Motion to Dismiss (Rec. Doc. 9).

plaintiff's claims regarding his loss of employment and punitive damages but did not dismiss his 42 U.S.C. § 1983 claims brought against the defendants in their individual and official capacities.

In the Memorandum Ruling and Judgment, the court granted the plaintiff twenty-one days from the filing of the Judgment to amend his complaint to state a valid claim for relief under Louisiana tort law for battery, false arrest and imprisonment. The court instructed the plaintiff that to withstand a Motion to Dismiss, he must (1) allege specific actions of Detective Bergeaux that constituted a battery, and (2) allege specific facts which support that the defendants entered a conspiracy to commit the torts.[6] Specifically, the court noted that the plaintiff must include factual allegations which would make a conspiracy to unlawfully arrest the plaintiff plausible.[7] The plaintiff filed an amended complaint with additional factual allegations 22 days after the judgment was entered.[8]

In the amended complaint, Bruchhaus alleges that as part of the defendants' harassment in November 2014, Mayor Duhon and Chief D'Albor went to the smoke shop and questioned the plaintiff about the merchandise, insinuating that the plaintiff was selling illegal substances.[9] The chief of police and mayor also allegedly "publicly criticized the fact [that the store was] located in Jennings [because] the store cater[ed] to illegal drug use, and that the store was not welcome in Jennings."[10] After the chief of police and mayor visited and publicly criticized the store, Detective Bergeaux allegedly, "with the approval of his supervising officer, Detective Kurtz and Chief D'Albor, engaged in a series of attempted drug purchases [at the smoke shop] through the use of

---

[6] Memo. Ruling (Rec. Doc. 13).

[7] Memo. Ruling (Rec. Doc. 13), p. 8.

[8] Amended Compl. (Rec. Doc. 15).

[9] Amended Compl. (Rec. Doc. 15), ¶ 10.

[10] Amended Compl. (Rec. Doc. 15), ¶ 10.

a confidential informant."[11] Chief D'Albor allegedly initiated this sting operation.[12] The plaintiff alleges that even though the confidential informant never purchased marijuana from the plaintiff or the smoke shop,[13] on November 7, 2014, Detective Bergeaux obtained an arrest warrant for the plaintiff and a search warrant for Blaze's Smoke Shop, arguing that the confidential informant's audio and video surveillance provided sufficient probable cause to support the crimes of distribution of marijuana and keeping a disorderly place.[14] The plaintiff alleges that the warrants were facially invalid because the arrest warrant had no supporting affidavit and the search warrant had a deficient affidavit.[15]

On November 10, 2014, Detective Bergeaux and his supervisor, Detective Kurtz, allegedly planned to arrest and imprison the plaintiff and confiscate the store's merchandise based on the facially invalid warrants.[16] The plaintiff alleges that on November 10, Detective Bergeaux physically arrested, restrained, and searched the plaintiff.[17] He also allegedly confined the plaintiff to the back seat of his police car and to a jail cell in the Jefferson Davis Parish Jail.[18] The plaintiff argues that these actions constituted a tort of battery and a tort of false arrest and imprisonment.[19]

Also, on November 10, 2014, in an attempt to inculpate the plaintiff in drug activity, Detective Bergeaux allegedly had a confidential informant make a controlled marijuana buy from a third party down the street from Blaze's Smoke Shop, even though the third party had no

---

[11] Amended Compl. (Rec. Doc. 15), ¶ 12.

[12] Amended Compl. (Rec. Doc. 15), ¶ 20.

[13] Amended Compl. (Rec. Doc. 15), ¶ 14.

[14] Amended Compl. (Rec. Doc. 15), ¶ 15-17.

[15] Amended Compl. (Rec. Doc. 15), ¶¶ 15-17.

[16] Amended Compl. (Rec. Doc. 15), ¶ 21.

[17] Amended Compl. (Rec. Doc. 15), ¶¶ 22-23.

[18] Amended Compl. (Rec. Doc. 15), ¶¶ 24-26.

[19] Amended Compl. (Rec. Doc. 15), ¶¶ 22-26.

connection to the smoke shop or the plaintiff.[20] The plaintiff alleges that after Detective Bergeaux arrested him, the detective falsely reported to the media and the court that marijuana had been found in Blaze's Smoke Shop based on the confidential informant's controlled buy.[21] The plaintiff further alleges that the Jennings police department illegally confiscated the merchandise in Blaze's Smoke Shop, as "suspected drug paraphernalia," even though the district attorney had told the police department prior to the confiscation that the merchandise in the store was not illegal paraphernalia.[22] The plaintiff alleges that the arrest and imprisonment was part of Mayor Duhon and Chief D'Albor's publicly stated plan to drive Blaze's Smoke Shop out of business and to label its owner as a criminal.[23]

After the amended complaint was filed, the defendants moved to strike it because the amended complaint was filed one day late.[24] The defendants also moved to dismiss the Louisiana tort claims against Detective Kurtz, Chief D'Albor, and Mayor Duhon under Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff did not plead sufficient facts to support his state tort conspiracy claims.[25] In his Opposition, the plaintiff acknowledges that the amended complaint was filed twenty-two days after the Judgment was filed, and he asks the court to deny the Motion to Strike because the defendants were not prejudiced by the delay.[26] In the alternative, if the court grants the Motion to Strike, the plaintiff moves to amend his original complaint, indicating that the already filed amended complaint would be the "new" amended complaint. The plaintiff

---

[20] Amended Compl. (Rec. Doc. 15), ¶ 21.

[21] Amended Compl. (Rec. Doc. 15), ¶¶ 27-28.

[22] Amended Compl. (Rec. Doc. 15), ¶¶ 11, 27.

[23] Amended Compl. (Rec. Doc. 15), ¶¶ 30, 32.

[24] Motion to Strike (Rec. Doc. 17).

[25] The defendants appear to concede that the plaintiff has adequately stated a battery claim and a false arrest and imprisonment claim against Detective Bergeaux. (Rec. Doc. 17).

[26] Opposition (Rec. Doc. 20).

contends that the factual allegations added to the complaint are sufficient to state viable battery claims and false arrest and imprisonment claims against all of the defendants.

## II.    LAW & ANALYSIS

### A. Motion to Strike Standard

First, the court will **DENY** the defendants' Motion to Strike[27] the amended complaint. While the complaint was filed one day after the deadline imposed in the court's Judgment,[28] the Judgment still granted the plaintiff leave to amend the complaint, which was required under Federal Rule of Civil Procedure 15(a). Furthermore, even if the court determined that leave of the court terminated with the deadline imposed by the court, the court would grant the plaintiff's alternative motion to amend the complaint because delay was only one day, the defendants have not shown that they suffered any prejudice, and the plaintiff's mistake was not made in bad faith. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Therefore, the plaintiff's amended complaint[29] stands, and the Motion to Strike[30] will be **DENIED**.

### B. Motion to Dismiss Standard

Second, the court will **DENY** the defendants' Partial Motion to Dismiss (Rec. Doc. 17) the state tort claims. An action can be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the claimant fails "to state a claim upon which relief can be granted." Motions to dismiss are generally "viewed with disfavor and [should be] rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*,

---

[27] Motion to Strike (Rec. Doc. 17).

[28] Judgment (Rec. Doc. 14).

[29] Amended Compl. (Rec. Doc. 15).

[30] Motion to Strike (Rec. Doc. 17).

322 F.3d 883, 885 (5th Cir. 2003)). "[The] Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Id.* (quoting *Gregson*, 322 F.3d at 885). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," making the right to relief more than merely speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). If the allegations in the complaint, even if taken as true, do not entitle the plaintiff to relief, the complaint should be dismissed. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 558).

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When applying this standard to a conspiracy claim, the plaintiff is not required to make the existence of a conspiracy probable but he is required to make its existence plausible by including "enough fact to raise a reasonable expectation that discovery will reveal evidence of [an] illegal agreement." *Twombly*, 550 U.S. at 556 (discussing the pleading standard for antitrust conspiracy claims). The plaintiff must include factual allegations that support the existence of a conspiracy beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### 1. Louisiana Tort Claims

As explained in this court's previous Memorandum Ruling,[31] under Louisiana law, battery is "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Gray v. Horton*, No. 06-1070, 2008 WL 170664, at *7 (W.D. La. Jan. 18, 2008) (quoting *Caudle v. Betts*, 512 So. 2d 389, 391 (La. 1987)). A police officer using reasonable force during a lawful arrest is generally shielded from liability for battery. *Deville v.*

---

[31] Memo. Ruling (Rec. Doc. 13).

*Marcantel*, 567 F.3d 156, 172-73 (5th Cir. 2009); *see also* La. Code Crim. Proc. Ann. art. 220 ("The person making a lawful arrest may use reasonable force to effect the arrest and detention."). However, even the use of "reasonable force" can be a battery, if the police officer is making an unlawful arrest. *See Gerard v. Parish of Jefferson*, 424 So. 2d 440, 443-44 (La. Ct. App. 1982) (citing *Kyle v. City of New Orleans*, 353 So. 2d 969 (La. 1977)).

To recover for false arrest and imprisonment in Louisiana against a defendant police officer, a plaintiff must prove that he was unlawfully detained by the police against his will. *Kyle*, 353 So. 2d at 971. "To prove false arrest, the plaintiff must show that the arrest was made without any legal process or warrant or under a warrant null and void on its face." *Braud v. Spell*, No. 2:14-CV-03132, 2015 WL 7432813, at *3 (W.D. La. Nov. 19, 2015) (quoting *Stark v. Eunice Superette, Inc.*, 457 So. 2d 291, 295 (La. Ct. App. 1984)) (internal quotation marks omitted).

### i. Claims Against Detective Bergeaux

As previously explained by this court, the plaintiff only needed to allege what harmful or offensive contact Detective Bergeaux committed to state a plausible claim for relief under Louisiana's battery tort.[32] The plaintiff established all other elements of his battery claim and false arrest and imprisonment claim.[33] In the amended complaint, the plaintiff has identified Detective Bergeaux's harmful and offensive contact.[34] Therefore, the plaintiff stated both a plausible battery claim and unlawful arrest and imprisonment claim against Detective Bergeaux.

---

[32] Memo. Ruling (Rec. Doc. 13), p. 8. The court determined that the plaintiff had stated a valid claim for relief under Louisiana's false arrest and imprisonment tort law.

[33] In his initial complaint, the plaintiff pleaded enough facts to plausibly conclude that the arrest was made without probable cause and with a facially invalid warrant. Memo. Ruling (Rec. Doc. 13), p. 7.

[34] Amended Compl. (Rec. Doc. 15), ¶¶ 22-25.

*ii.    Claims Against Mayor Duhon, Chief D'Albor, and Detective Kurtz*

In the previous Memorandum Ruling, the court explained that to state a plausible claim of relief against Mayor Duhon, Chief D'Albor, and Detective Kurtz for conspiracy to commit battery, false arrest and imprisonment, the plaintiff must plead facts that plausibly establish that the defendants conspired with the object of illegally arresting the plaintiff.[35] To recover under a theory of civil conspiracy, "a plaintiff must prove that an agreement existed to commit an illegal or tortious act which resulted in the plaintiff's injury." *Butz v. Lynch*, 97-2166 (La. App. 1 Cir. 4/8/98); 710 So.2d 1171, 1174 (citing La. Civ. Code art. 2324). "The plaintiff must establish that there was an agreement as to the intended outcome or result." *Id.* (citations omitted). The plaintiff's amended complaint cures the previously identified deficiency.

The plaintiff adequately pleaded facts to show the defendants conspired together to arrest the plaintiff illegally. In the amended complaint, the plaintiff alleged that Detective Kurtz knowingly allowed Detective Bergeaux to obtain a legally deficient warrant,[36] approved of Detective Bergeaux's actions,[37] and planned and agreed with Detective Bergeaux to illegally arrest the plaintiff.[38] These factual allegations make the conspiracy to commit battery, false arrest and imprisonment claims against Detective Kurtz plausible.

The plaintiff has also stated plausible conspiracy claims against Mayor Duhon and Chief D'Albor. In the amended complaint, the plaintiff alleges that Mayor Duhon and Chief D'Albor visited the smoke shop and made public statements that the shop was associated with illegal

---

[35] Memo. Ruling (Rec. Doc. 13), pp. 8-10.

[36] Amended Compl. (Rec. Doc. 15), ¶ 16.

[37] Amended Compl. (Rec. Doc. 15), ¶ 18.

[38] Amended Compl. (Rec. Doc. 15), ¶¶ 21, 31.

drugs.[39] Additionally, the amended complaint alleges that Chief D'Albor initiated Detective Bergeaux's sting operation.[40] The amended complaint clarified that Chief D'Albor and Mayor Duhon conspired to drive Blaze's Smoke Shop out of business, which included making public criticisms of the shop and intending to arrest and detain its employee, the plaintiff.[41] These factual allegations "nudge[] [the plaintiff's] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, "rais[ing] a reasonable expectation that discovery will reveal evidence of [an] illegal agreement," *id.* at 556.

## III.   CONCLUSION

The court will **DENY** the defendants' Motion to Strike (Rec. Doc. 17) the amended complaint because the plaintiff filed the amended complaint only one day late, the defendants have not established prejudice by the delay, and the delay was not done in bad faith. The court will also **DENY** the defendants' Motion to Dismiss (Rec. Doc. 17) for the reasons explained above.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this ⎯⎯ day of April, 2017.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[39] Amended Compl. (Rec. Doc. 15), ¶ 10.

[40] Amended Compl. (Rec. Doc. 15), ¶ 20.

[41] Amended Compl. (Rec. Doc. 15), ¶ 32.